# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| **LARRY K. WALLACE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22CV00022 |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| **MARTIN J. O'MALLEY,** | ) | JUDGE JAMES P. JONES |
| **COMMISSIONER OF** | ) | |
| **SOCIAL SECURITY,** | ) | |
| | ) | |
| Defendant. | ) | |

*Joseph E. Wolfe,* WOLFE WILLIAMS & AUSTIN, *Norton, Virginia, for Plaintiff; Mark J. Dorval, Special Assistant United States Attorney,* OFFICE OF THE GENERAL COUNSEL, SOCIAL SECURITY ADMINISTRATION, *Baltimore, Maryland, for Defendant.*

In this social security disability case, I will accept the Report and Recommendation (Report) of the magistrate judge.

I.

The plaintiff, Larry K. Wallace, challenges the final decision of the Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits under the Social Security Act (Act). This action was referred to United States Magistrate Judge Pamela Meade Sargent to conduct appropriate proceedings. 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). Judge Sargent filed her report on January 16, 2024, and recommended that the court deny Wallace's motion for summary judgment, grant the Commissioner's motion for summary

judgment, and affirm the Commissioner's decision denying benefits. On January 26, 2024, Wallace filed objections to the Report. The Commissioner filed a response to the objections on February 9, 2024. Accordingly, the objections are now ripe for review.

## II.

I must make a de novo determination of those portions of the Report to which the plaintiff objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Under the Act, the court must uphold the factual findings and final decision of the Commissioner if they are supported by substantial evidence and were reached through application of the correct legal standard. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). In evaluating the Commissioner's findings, the court does not reweigh the evidence or make credibility determinations because those functions are left to the administrative law judge (ALJ). *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005). "Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ]." *Id.* (citation omitted).

"[T]he threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a

preponderance." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). If such evidence exists, then the inquiry ends, and the Commissioner's final decision must be affirmed. *Id.* Alternatively, if substantial evidence to support the Commissioner's decision is not found or the decision was not reached through application of the correct legal standard, I must vacate the decision. *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

The plaintiff has the burden of showing that a "medically determinable physical or mental impairment" exists and has persisted for at least 12 months. 42 U.S.C. § 423(d)(1)(A). He must show that his "physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C.A. §§ 423(d)(2)(A), 1382c(a)(3)(B). In assessing disability claims, the Commissioner applies a five-step sequential evaluation process. The claimant bears the burden of proving the first four steps and then the burden shifts to the Commissioner for the fifth step. 20 C.F.R. § 404.1520(a)(4)(i)–(v). The Commissioner considers whether the claimant: (1) has worked during the alleged period of disability; (2) has a severe impairment; (3) has a condition that meets or equals the severity of a listed impairment; (4) could return to past relevant work; and (5) if not, whether he could perform other work present in the national economy. *Id.*

III.

Wallace applied for disability insurance benefits on September 27, 2020, alleging disability as of March 20, 2020, based on intellect, expressive language disorder, osteoarthritis, gastroesophageal reflux disease (GERD), and vitamin D deficiency. In his written decision, the ALJ found that Wallace did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 and that Wallace had the residual functional capacity to perform medium work, except he could perform work involving instructions and tasks limited to those that can be learned in 30 days or less; that required no more than occasional decision making and changes in the work setting; and no more than occasional interaction with the public.

Wallace raises two objections. First, he contends that the ALJ did not properly consider the Mental Status Examination (Examination) administered by Dr. Bradly T. Kinder in determining his residual functional capacity, namely Dr. Kinder's belief that Wallace should have frequent breaks while working. He argues that the Report did not address the ALJ's failure to explain why the Examination was not properly considered. Second, Wallace claims that the ALJ erroneously stated that he did not assert a back condition when he filed his initial application. He identifies a Disability Report dated one day after the filing of his application in which Wallace stated he

had back trouble and listed the name of a provider who ordered X rays in 1993-1996. Admin. R. Ex. 2E, Disability Rep. 183, ECF No. 8-1.

Based on careful review of these objections and the record, I agree with the magistrate judge. First, it is evident that the ALJ properly considered the Examination in assessing Wallace's residual functional capacity. As noted in the Report, the ALJ found Dr. Kinder's psychological consultative evaluation persuasive and that Dr. Kinder's findings were consistent with his own. *Id*. at ALJ Dec. 23. However, both state agency psychologists concluded that the Examination overstated Wallace's mental impairments, which opinions the ALJ found to be supported by the record. *Id*. at 22. It is true that the ALJ must examine the entire case record. Social Security Ruling, 16-3p, 2017 WL 5180304, at *5 (Oct. 25, 2017). The ALJ must also consider the persuasiveness of the medical opinions and findings in a claimant's case. 20 C.F.R. § 404.1520c(b), (c)(1)–(5). The ALJ stated that although Wallace was found to have an intellectual disability, he had been working for a prolonged period of time in skilled/semi-skilled work. ALJ Dec. 22, ECF No. 8-1. As noted by the magistrate judge, the record contained few mental health treatment records and no evidence as to Wallace's limited ability to handle routine stressors. *Id.* Accordingly, I find that the ALJ's decision was supported by substantial evidence and was legally sound. I also find that the Report addressed the ALJ's consideration of the Examination.

Second, I find that the ALJ properly considered evidence of Wallace's reported back condition. The ALJ analyzed Wallace's routine medical examinations that found a normal "musculoskeletal range of motion" and advised conservative treatment with use of topical musculoskeletal pain relief creams. *Id*. at 21. The ALJ also weighed the opinions of the state agency consultants against that of Dr. Nysather's evaluation of Wallace and found the consultants more persuasive. *Id*. at 22. The consultants noted that Wallace's examinations prior to Dr. Nysather's evaluation were normal, and that imaging obtained of the lumbar spine was normal. *Id*. at Ex. 3A, Disability Determination 71. As the plaintiff contends, his disability report dated September 29, 2020, lists back trouble as one of the reasons he stopped working. *Id*. at Disability Rep. 178. However, this fact alone does not tip the scales in his favor. Upon consideration of the entire case record, the ALJ is entitled to give greater weight to the state agency consultant's medical evidence. I find that the ALJ's determination was thorough and supported by substantial evidence.

Accordingly, it is **ORDERED** as follows:

1. The plaintiff's objections, ECF No. 20 are DENIED;
2. The magistrate judge's Report, ECF No. 19, is fully ACCEPTED;
3. The plaintiff's Motion for Summary Judgment, ECF No. 11, is DENIED;
4. The Commissioner's Motion for Summary Judgment, ECF No. 17, is GRANTED; and

5. A separate final judgment will be entered herewith.

        ENTER: March 25, 2024

        /s/  JAMES P. JONES
        Senior United States District Judge